**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**SEFEIN TAWFEEK,**

Petitioner,

v. Civil Action No. **3:26CV738 (RCY)**

**NEY HIDALGO, *et al.*,**

Respondents.

## MEMORANDUM OPINION

Sefein Tawfeek ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. He filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner alleges, *inter alia*, that Respondents' application of 8 U.S.C. § 1225(b)(2) to mandate his detention violates the Immigration and Nationality Act. ECF No. 1, at 6–7.[1] For the reasons set forth below, the § 2241 Petition will be GRANTED. Respondents will be ORDERED to provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226.

## I. BACKGROUND

Petitioner provides very little information in his § 2241 Petition. Petitioner indicates that he has a medical condition requiring monthly treatment and the treatment he receives at the detention center is inadequate. ECF No. 1, at 7; *see also* ECF No. 1-3. Petitioner was taken into immigration custody on October 26, 2025. *Id.* at 5.

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

On July 29, 2026, Petitioner filed his § 2241 Petition in this Court. ECF No. 1. It appeared to the Court that the factual circumstances and legal issues presented in the § 2241 Petition were materially identical to those presented in other recently filed and adjudicated habeas petitions addressing the propriety of mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 5. Accordingly, the Court issued a Memorandum Order directing Respondents to file within seven (7) days a notice indicating that the factual and legal issues presented in this § 2241 Petition did not differ in any material fashion from those presented in *Ortega Miranda v. Bondi*, No. 3:25CV769, 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), or an explanation why material factual or legal differences did exist. *Id*. at 1–2. The Court further noted that should Respondents confirm there are no material differences between this petition and *Ortega Miranda* the prior filings from that case would be adopted in the present case for efficiency, and the Court would rule without additional submissions. *Id.* Respondents timely submitted a Notice in response to the Court's Memorandum Order. ECF No. 6. Consistent with the Court's Memorandum Order, Respondents recommended that the Court "incorporate the filings in *Ortega Miranda* into the record of this habeas action." *Id.* at 1.

## II. STANDARD OF REVIEW

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. ANALYSIS

The central question posed in the § 2241 Petition concerns whether Petitioner is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a) or whether he is subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).

Petitioner contends that 8 U.S.C. § 1226 entitles him to a bond hearing. ECF No. 1, at 6–7. In opposition, Respondents support the Court's incorporation of the arguments and rationale recently rejected in *Ortega Miranda*, ECF No. 19. ECF No. 6. Here, as in *Ortega Miranda*, Respondents insist that Petitioner's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions. *See Ortega Miranda*, ECF No. 14, at 5–22.

This Court maintains and incorporates the reasoning of *Ortega Miranda v. Bondi*, No. 3:25CV769 (DJN), 2026 WL 287179, at *1 (E.D. Va. Feb. 3, 2026), into this Memorandum Order. That same reasoning has been applied in several cases before courts in this district.[2]

It is unclear to the Court how long Petitioner has been present in the United States, but Respondents have conceded that there are no material factual differences between this case and *Ortega Miranda*, and there the petitioner had been present in the United States for many years. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). Under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community and whether he is a flight risk. 8 U.S.C.

---

[2] *See, e.g.*, *Hasan v. Crawford*, 800 F. Supp. 3d 641 (E.D. Va. 2025); *Quispe-Ardiles v. Noem*, 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Vargas Nunez v. Lyons*, l:25-cv-1574 (LMB), ECF No. 10 (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, l:25-cv-1583 (LMB), ECF No. 8 (E.D. Va. Oct. 1, 2025).

§ 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Petitioner's continued detention is unlawful.

The Court acknowledges the "active circuit split about whether Section 1225(b)(2)(A) . . . may be construed to deny bond hearings to noncitizens mandatorily detained after entering the country without authorization." *Suri v. Trump*, __ F.4th __, 2026 WL 2123557, at *33 n.* (4th Cir. July 23, 2026) (Wilkinson, J., dissenting) (citing cases).[3] While none of these out-of-circuit decisions are binding, their weight aligns with the outcome reached by this Court. And so, until the Fourth Circuit takes up the question or the Supreme Court resolves the circuit split, the Court comfortably adopts and applies its analysis from *Ortega Miranda* to the facts of the present case. And so doing, the Court concludes that Petitioner is being detained in violation of the laws of the United States.

## IV. CONCLUSION

For the above reasons, and as more fulsomely articulated in *Ortega Miranda*, 2026 WL 287179, the § 2241 Petition (ECF No. 1) will be GRANTED.

An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: August 17, 2026
Richmond, Virginia

[3] The split presently stands as follows: the Eighth Circuit and one Fifth Circuit panel have adopted DHS's interpretation of 1225(b)(2)(A), *see Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), *petition for cert. filed*, No. 26-43 (U.S. July 14, 2026), while another panel of the Fifth Circuit acknowledged *Buenrostro-Mendez*'s statutory holding but required bond hearings on constitutional grounds, *see Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. 2026), *vacated and reh'g en banc granted*, 181 F.4th 608 (5th Cir. 2026), and the Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits have all rejected DHS's interpretation, *see Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *petition for cert. filed*, No. 26-104 (U.S. July 24, 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), *petition for cert. filed*, No. 25-1415 (U.S. June 22, 2026); *Cirrus Rojas v. Olson*, __ F.4th __, 2026 WL 2198315 (7th Cir. July 30, 2026); *Rodriguez Vazquez v. Bostock*, __ F.4th __, 2026 WL 2196424 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026).